## NORTHEAST RECLAMATION CORPORATION *VS.* TOWN OF WAREHAM.

No. 98-P-611.

Plymouth. February 12, 2002. - April 24, 2002.

Present: BROWN, KASS, & KANTROWITZ, JJ.

*Public Works,* Bidding procedure. *Contract,* Public works, Bidding for contract.

This court concluded that the jury in a civil action, as instructed, reasonably could have found that, where, as here, the plaintiff's bid on a contract for reclamation and reconstruction of four town streets was legitimate and the town's rescission of the bid was not in the public interest, the town's pretextual rejection of the plaintiff's bid because of threats of litigation made by an ineligible bidder was in bad faith. [565-566]

CIVIL ACTION commenced in the Superior Court Department on January 20, 1994.

The case was tried before *Gerald F. O'Neill, Jr.,* J.

*James M. Burke* for the plaintiff.

*Richard P. Bowen* for the defendant.

BROWN, J. The defendant town solicited bids for the reclamation and reconstruction of four streets. The plaintiff corporation submitted a bid indicating that it had been in business as a general contractor under its name for one year, although it had been incorporated for only about six months. It also indicated that the "bidder" had eighteen years of experience with "in place cold mix" recycling of asphalt pavements, leaving blank the number of years of experience of its "designated recycling supervisor." It is not disputed that the principals in the corporation all had over the requisite five years of experience called for in the "instruction to bidders," nor is it disputed that the town officials in charge of the bidding knew this.

The town rejected the bid of the low bidder, P.A. Landers,

Inc. (Landers), because of material omissions in its bid documents. The town accepted the plaintiff's (next lowest) bid, awarding it the contract on September 30, 1993. At that time, town officials expressed no dissatisfaction with the plaintiff's level of experience. Almost immediately, Landers complained, filed a bid protest, and threatened litigation. Under this pressure, town officials reexamined the plaintiff's bid, identified examples of improper compliance (the corporation itself having less than five years experience, and existing for less than one year) and on November 8, 1993, seized upon them as grounds for rescinding the bid award.[1] This litigation ensued.

In answer to special questions, a Superior Court jury found that the plaintiff was the lowest responsible and eligible bidder for the project, that the town's rescission of the plaintiff's bid was not in the public interest, that the town did not act in good faith in rescinding the bid, and that the plaintiff's damages were $62,500 (evidently representing lost profits). The town moved for judgment notwithstanding the verdict on grounds that the town acted within its discretionary power in rescinding the bid for failure to comply with the specifications respecting experience, and that the town acted in good faith. The trial judge allowed the motion in part, concluding that the jury's answers to the first two special questions were supported by the evidence, but that the finding that the town did not act in good faith was not supported by the evidence. The judge reduced the jury verdict from $62,500 for lost profits to $20,000, the amount of the plaintiff's bid preparation costs. The plaintiff appealed.

The sole issue on appeal is whether the jury properly could find that the town did not act in good faith.[2] In reviewing the judge's action on a motion for judgment notwithstanding the verdict, we "consider whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be

---

[1]The grounds identified by the town for rescinding the bid award to the plaintiff were essentially the same as the grounds raised by Landers in its bid protest.

[2]As the town did not cross appeal, there is no issue before us respecting the legitimacy of the plaintiff's bid, which must be accepted, as we must accept the jury's finding that the town's rejection of the plaintiff's bid was not in the public interest.

drawn' in favor of the non-moving party." *McNamara* v. *Honeyman*, 406 Mass. 43, 46 (1989), quoting from *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978).

In his November 8, 1996, "Memorandum and Order on Defendant's Motion for Judgment Notwithstanding the Verdict," the judge characterized the town's stated reason for rescinding the award as "pretextual in the sense that it was not the real reason." Although he found the real reason to be "the desire to avoid delay and the hope of avoiding litigation,"[3] he, nevertheless, concluded that the town did not act with the requisite "hidden agenda" or "animosity" toward the plaintiff necessary to support a finding of bad faith.

On our review of the trial transcript and trial exhibits, we think there was sufficient evidence from which the jury could infer a hidden purpose on the part of town officials to allege that the plaintiff had submitted "false" information in its bid rather than concede that they were changing their position in order to avoid litigation by Landers. The judge's reliance on the lack of evidence of animosity failed to take into account the breadth of his unobjected-to instructions to the jury on bad faith.[4] In this respect, the evidence supported the jury's finding that the town's conduct went beyond mere confusion as to how to evaluate the bid applications. Compare *E. Amanti & Sons, Inc.* v. *Barnstable*, 42 Mass. App. Ct. 773, 778 (1997).

We conclude that the jury, as instructed, reasonably could have found that, where, as here, the plainitff's bid was legitimate and the rescission of it was not in the public interest, the town's pretextual rejection of the plaintiff's bid because of threats of litigation made by an ineligible bidder was in bad faith. If the intent in rejecting the plaintiff's bid was to avoid delay and litigation, the town failed on both counts. See note 3, *supra.*

Accordingly, the judge's partial allowance of the town's motion for judgment notwithstanding the verdict is reversed, and

---

[3]Parenthetically, we note that the town eventually rebid the project, which was awarded to a third party the next spring.

[4]Among the factors included in the charge, on which the jury could have relied in finding bad faith here, were (1) a design to mislead or deceive; (2) neglect or refusal to fulfill a duty prompted by some interested motive; and (3) a state of mind operating with a hidden purpose.

the case is remanded to the Superior Court for the entry of judgment in accordance with the amount of damages originally awarded by the jury to the plaintiff for lost profits.

*So ordered.*